**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello**

Civil Action No. 09-cv-02891-CMA

HOLLYWOOD SERVICES, INC.,

      Petitioner,

v.

INTERNAL REVENUE SERVICE,

      Respondent.

---

## ORDER GRANTING MOTION TO DISMISS

---

The matter is before the Court on the "United States' Motion to Dismiss Pursuant to Rule 12(b)(1) and (5)," filed on March 4, 2010. (Doc. # 4.) Twenty-seven days have since passed but Plaintiff has not responded.[1]

The Government moves to dismiss on three grounds: (1) sovereign immunity; (2) improper representation by a non-attorney; and (3) insufficient service of process. (Doc. # 4 at 1-2.) Because the Government has not waived its sovereign immunity, the Court finds that it does not have jurisdiction. Therefore, the Court grants the Government's motion.

---

[1] D.C.COLO.L.CIV.R 7.1(C) provides in part that "[t]he responding party shall have 21 days after the date of service of a motion . . . in which to file a response."

"Under the doctrine of sovereign immunity, the United States is not subject to suit absent its consent." *Faber v. United States*, 921 F.2d 1118, 1119 (10th Cir. 1990) (citations omitted). Consent can come in the form of statutory waivers to sovereign immunity. *See id.* (citing *Ponsford v. United States*, 771 F.2d 1305, 1309 (9th Cir. 1985); *Stringer v. United States*, 776 F. 2d 274, 275 (11th Cir. 1985)). One such waiver is located in section 7609(b)(2) of the Internal Revenue Code. *See* 26 U.S.C. § 7609(b)(2). It provides the method by which a taxpayer can challenge a summons issued by the IRS to a third-party. *Id.* at § 7609(b)(2)(A). But in order to "have the right to begin a proceeding to quash such summons", the taxpayer first must have been "entitled to notice of a summons under subsection (a)" of Section 7609. *Id.* Such notice is not required – and the conditional waiver of section 7609 is thus inoperative – when a third-party summons is "issued in the aid of the collection of . . . an assessment made or judgment rendered against the person with respect to whose liability the summons is issued." 26 U.S.C. § 7609(c)(2)(D)(I).

IRS Officer Mark Elliott avers that the Summons was issued to aid in the collection of Plaintiff's employment tax liabilities. (Doc. # 6, ¶¶ 2-3.) Accordingly, no notice was required or given under 26 U.S.C. § 7609(c)(2)(D)(I). Because Plaintiff was not entitled to notice under subsection 7609(a), Plaintiff lacked the right to file a petition to quash the Summons under subsection 7609(b)(2)(A). Thus, the Court lacks jurisdiction to entertain the Petition.

Accordingly, the Court GRANTS the Government's Motion to Dismiss (Doc. # 4) and DISMISSES Plaintiff's Petition to Quash Summons (Doc. # 1.)

DATED:  April __2__, 2010

BY THE COURT:

_____
CHRISTINE M. ARGUELLO
United States District Judge